# EXHIBIT E

Page 1

RECORDED PHONE CALL

OF

PATRICK THOMPSON


CONDUCTED BY FATIMA ABDELDAIM

APRIL 8, 2024




PATRICK THOMPSON V. BLOOMBERG INDUSTRY GROUP, INC.

CASE NO. 1:25-CV-01867




AUDIO - Thompson_Abdeldaim_04082024_1_.m4a










Transcribed By:  Rodie Dean

CONFIDENTIAL

Page 2

R E C O R D I N G

MR. THOMPSON:  Hey. How's it going?

MS. ABDELDAIM:  Hey, look at me. I can hear you.

MR. THOMPSON:  Love it when a plan comes together.

MS. ABDELDAIM:  Yes. It's going well. How are you doing?

MR. THOMPSON:  Doing well. Doing well. Are you preparing for the solar eclipse?

MS. ABDELDAIM:  No. But that seems to be a very popular question today.

MR. THOMPSON:  Yes.

MS. ABDELDAIM:  No. I will look out the window.

MR. THOMPSON:  Yeah.

MS. ABDELDAIM:  I think I see people up there on Amazon building.

MR. THOMPSON:  Oh, really?

MS. ABDELDAIM:  Yeah. That's interesting. Now that you said I just happen to look over and there's people up there. Anyway, how are things going?

MR. THOMPSON:  They're going. I don't have any of the eye protection, so I will not be partaking today. I'm also going to be sending this one out, so --

CONFIDENTIAL                                                    INDG_000877

Page 3

MS. ABDELDAIM:  Maybe there are websites or something that we can look at it virtually, as opposed to having to --

MR. THOMPSON:  Yeah.

MS. ABDELDAIM:  -- I don't know. I've never gotten into it, I'll do better.

MR. THOMPSON:  I saw the one that happened in like -- I want to say like 2016. So that one was --

MS. ABDELDAIM:  There are a lot of people coming down to South Carolina for it.

MR. THOMPSON:  Yeah. Well, I don't know if South Carolina is in the path of totality, but I think, like, Tennessee is.

MS. ABDELDAIM:  Right. I think based on what WTOP shared on the news --

MR. THOMPSON:  Okay.

MS. ABDELDAIM:  -- I believe it is.

MR. THOMPSON:  Okay.

MS. ABDELDAIM:  Don't think I know this stuff off the top of my head, (inaudible), I promise you. All right. Let's go over why we are here. We're -- this is a follow-up to your ADA request. So there are a few things on the

CONFIDENTIAL                                                          INDG_000878

Page 4

form that were -- that I wanted to bring to your attention. Let me get back to it.

MR. THOMPSON:  Sure.

MS. ABDELDAIM:  Looking at ADA accommodation. Okay. So I'm looking at the form, and in looking at it, Patrick, they did not list -- I'm just trying to print. Thank you. So they did not list the disability. Matter of fact, they indicated no on this form. So there's basically nothing on here that would help support your cause in this sense. But that being said, also, working from South Carolina is not going to be something we can accommodate.

MR. THOMPSON:  Sorry. I'm just pulling up the form from my end.

MS. ABDELDAIM:  Uh-huh. Go for it. Does the -- it's the first question under where it says job title. Does the employee have a physical or mental impairment that substantially limits one or more major life activities? The answer is no. All right. Also, question to -- answer to question Number Three.

MR. THOMPSON:  Sorry. Just still finding it.

MS. ABDELDAIM:  All right. Let me see. When did you send it to me? The updated one was on the 12th at 4.53

CONFIDENTIAL                                                      INDG_000879

Page 5

p.m.

MR. THOMPSON:  Wonderful. Thank you.

MS. ABDELDAIM:  No. No problem. I try to be helpful when I can be.

MR. THOMPSON:  I appreciate that.

MS. ABDELDAIM:  That's pretty sweet. You have (inaudible) in your set folder.

MR. THOMPSON:  Yeah. No, no. I do not. No. That pulled it right up. Yeah. Okay. so the fact that I'm already kind of working remotely has been helping with my symptoms.

MS. ABDELDAIM:  Yeah. So --

MR. THOMPSON:  Okay.

MS. ABDELDAIM:  Okay. Also, the fact that we won't be able to help with that. That being said, the ADA combination request is being denied, and you are expected to be coming into the office four days, starting this week.

MR. THOMPSON:  So what's the reason for it being denied? It's just you don't see this as a disability?

MS. ABDELDAIM:  Your doctor indicated it isn't. And additionally, working full-time remote, based on the information that's provided by the person who filled out the form, doesn't support anything that necessitates a

CONFIDENTIAL                                          INDG_000880

Page 6

disability.

MR. THOMPSON:  Okay. So --

MS. ABDELDAIM:  The form just was filled out in a way that kind of said, "He's good," which is a little concerning. You know what I mean? Especially considering your request.

MR. THOMPSON:  Okay. So if I were to resubmit the form with that singular box change to yes, and then everything else as is where they've kind of gone to.

MS. ABDELDAIM:  Oh, because you're doing it after I've told you, you're a doctor -- why would your doctor shift, do a 180 after talking -- that wouldn't work.

MR. THOMPSON:  Could be as simple as a clerical error.

MS. ABDELDAIM:  Your doctor already's given --

MR. THOMPSON:  I'm just saying -- I'm just asking a question, which is if --

MS. ABDELDAIM:  Yeah. That would be very questionable to us --

MR. THOMPSON:  If it was -- yes.

MS. ABDELDAIM:  -- because it's not -- it's also the information included --

CONFIDENTIAL                                                   INDG_000881

Page 7

MR. THOMPSON:  Uh-huh.

MS. ABDELDAIM:  -- that says he's doing well, he's fine. So it's more than just that one box. So it's not just for you to submit another form after we talked and I told you why we denied it. It would be eyebrow raising.

MR. THOMPSON:  Okay. So your interpretation of the form is he's doing fine. He's fine.

MS. ABDELDAIM:  The interpretation of the form is there's nothing on there that keeps you from doing your job.

MR. THOMPSON:  Okay. Yes. Because --

MS. ABDELDAIM:  Interesting.

MR. THOMPSON:  -- I'm -- I have seek -- sought an accommodation and I have -- and I've taken it on myself to implement that accommodation.

MS. ABDELDAIM:  You're calling it an accommodation, but it's actually -- what you're doing now is not an accommodation.

MR. THOMPSON:  Okay. So --

MS. ABDELDAIM:  And your manager did not provide -- you're on unauthorized leave right now --

MR. THOMPSON:  Okay.

MS. ABDELDAIM:  -- working from a location that's

CONFIDENTIAL

Page 8

not authorized by your company --

MR. THOMPSON:  Okay. So --

MS. ABDELDAIM:  -- or your employer.

MR. THOMPSON:  What criteria were used to evaluate this?

MS. ABDELDAIM:  What was that?

MR. THOMPSON:  What criteria were used to evaluate the form? Is there -- I mean, what process?

MS. ABDELDAIM:  I mean, it was reviewed by the ADA committee --

MR. THOMPSON:  Okay. And --

MS. ABDELDAIM:  -- and it wasn't my decision.

MR. THOMPSON:  Okay. No, I understand.

MS. ABDELDAIM:  If that's what you're getting at.

MR. THOMPSON:  No, no, no. I understand you just -- you're doing your job.

MS. ABDELDAIM:  Uh-huh.

MR. THOMPSON:  So I understand you probably have a lot of these conversations. So I'm not trying to put it back on you, but I am trying to understand how the process went and, you know, what was used to evaluate, you know, who was spoken to about --

CONFIDENTIAL                                      INDG_000883

Page 9

MS. ABDELDAIM:  Uh-huh.

MR. THOMPSON:  -- you know, parole, et cetera, et cetera.

MS. ABDELDAIM:  Uh-huh. Additionally, was this (inaudible) that filled out your form?

MR. THOMPSON:  Yes. It's a (inaudible) provider.

MS. ABDELDAIM:  Are they a clinical professional?

MR. THOMPSON:  I believe so. I believe that's what LCSW stands for.

MS. ABDELDAIM:  A licensed certified social worker is what it stands for. LCSW is what it says, right?

MR. THOMPSON:  That's what it says, yes.

MS. ABDELDAIM:  If you Google it, it should come up with license. I know social work based. Licensed clinical social worker. I think this isn't a therapist or an MD or P, you know what I mean? A psychiatrist.

MR. THOMPSON: A health care provider.

MS. ABDELDAIM:  Okay. That's fine. It wouldn't change based on the substance that's in there. So this decision still stands --

MR. THOMPSON:  Okay. So --

MS. ABDELDAIM:  -- so that you will need to come

CONFIDENTIAL                                                    INDG_000884

Page 10

back into the office starting this week.

MR. THOMPSON:  Sure. Can you send me, you know, any documentation?

MS. ABDELDAIM:  I plan on it.

MR. THOMPSON:  All right. (Inaudible).

MS. ABDELDAIM:  I'll send you a letter --

MR. THOMPSON:  Yeah. Thank you.

MS. ABDELDAIM:  -- declining it. But we like to have the interactive process first and have the conversation.

MR. THOMPSON:  Sure.

MS. ABDELDAIM:  Okay.

MR. THOMPSON:  So are there any specific concerns or things -- anything that -- is there that I can help address before the next steps?

MS. ABDELDAIM:  So next step would be there's no appealing these, so I'm curious what you mean by next step.

MR. THOMPSON:  So I'm just asking, you know, is there anything else that I can clarify on this form, you know, again, not a health care provider filled out? But just looking for a way to make this easy and make sure that everyone gets what they want. Because I -- you know, I'm not

CONFIDENTIAL                                      INDG_000885

Page 11

going to, you know, get into it with you. But Tacks (ph) is definitely, I think, in a tough spot right now, so losing more people is probably not a good idea.

MS. ABDELDAIM:  Well, it may not be a good idea, but if they're not following the rules either, that's a -- that's not something they want. So Tax is not as much of a tough spot as you think they are, they are prepared to make whatever decisions they need to make separate and aside from this process --

MR. THOMPSON:  Okay.

MS. ABDELDAIM:  -- just so you're aware.

MR. THOMPSON:  No, no.

MS. ABDELDAIM:  I'm just making sure I don't have anything else.

MR. THOMPSON:  Yeah. So --

MS. ABDELDAIM:  Bear with me.

MR. THOMPSON:  -- I'm just -- again, also making sure I understand. So --

MS. ABDELDAIM:  To answer your question, no, There's nothing else that needs clarifying anything of that nature.

MR. THOMPSON:  Okay. So again, your position -

CONFIDENTIAL                                                    INDG_000886

Page 12

- not your position, but you as a representative of the company is --

MS. ABDELDAIM:  The company's decision is to decline.

MR. THOMPSON:  Okay.

MS. ABDELDAIM:  Okay.

MR. THOMPSON:  Okay.

MS. ABDELDAIM:  Okay. And you'll be getting a letter.

MR. THOMPSON:  Perfect. And just make sure that that has, you know, the reason for all the --

MS. ABDELDAIM:  The letter is a letter, we sent out, and we have been sending out, Patrick --

MR. THOMPSON:  Okay.

MS. ABDELDAIM:  -- you'll be fine, okay?

MR. THOMPSON:  No, perfect.

MS. ABDELDAIM:  Is that all right?

MR. THOMPSON:  I appreciate that. All right.

MS. ABDELDAIM:  Thank you.

MR. THOMPSON:  Thank you for your time.

MS. ABDELDAIM:  All right. You're welcome. Bye bye.

CONFIDENTIAL

INDG_000887

Page 13

(End of recording)

Veritext Legal Solutions
215-241-1000 ~ 610-434-8588 ~ 302-571-0510 ~ 202-803-8830

CONFIDENTIAL                                                                INDG_000888

Page 14

C E R T I F I C A T I O N

I, RODIE DEAN, certify that the foregoing transcript is a true and accurate record of the proceedings.

/s/ Rodie Dean

_____

Rodie Dean

Approved transcriber

Dated:  June 10, 2026

CONFIDENTIAL

INDG_000889